An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TEST EQUIPMENT CORPORATION, A
CALIFORNIA CORPORATION,
Appellant,
vs.
FRED O. DAWSON, AN INDIVIDUAL,
Respondent.

No. 59845

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### *ORDER OF REMAND*

This is an appeal from a final district court summary judgment in a real property contract action. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Appellants have moved to remand this matter so that the district court can rule on their NRCP 60(b) motion, in accordance with *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978) (explaining that, if the district court is inclined to grant relief from a final judgment over which an appeal is pending, it should so certify, so that the parties can seek a remand from this court) and *Foster v. Dingwall*, 126 Nev. ___, 228 P.3d 453 (2010). Attached to the motion is a district court order certifying the court's inclination to grant NRCP 60(b) relief.[1] Respondent has responded to the motion, asserting that a remand is unnecessary as this court's February 6, 2013, order of limited remand directed the district court to rule on the NRCP 60(b) motion and to transmit its written order

---

[1]The district court's certification order was also filed in this court on June 6, 2013, following this court's February 6, 2013, order of limited remand.

13-21063

granting or denying the motion to this court within 30 days. Thus, respondent asserts that this court should either treat the district court's certification order as an order granting NRCP 60(b) relief, or enter an order informing the district court that it already has jurisdiction to rule on that motion based on the limited remand.

Having considered the parties' filings, we conclude that remand is warranted and grant appellant's motion. Although the February 6 limited remand order directed the district court to rule on appellant's NRCP 60(b) motion, no written order granting that motion has been entered in the district court, and we decline to treat the district court's certification order as an order granting NRCP 60(b) relief. Additionally, the district court has transmitted to this court the certification order entered on limited remand, such that jurisdiction is again vested in this court. Accordingly, we

ORDER this matter REMANDED to the district court so that it can enter a written order resolving the NRCP 60(b) motion in accordance with its certification.[2]

_____, J.
Hardesty

_____ J.      _____, J.
Parraguirre                                      Cherry

---

[2]This order constitutes the final disposition in this appeal. Any appeal from the district court's decision below shall be docketed as a new matter.

cc: Second Judicial District Court Dept. 10
Wm. Patterson Cashill, Settlement Judge
Scarpello & Huss, Ltd.
Aaron & Paternoster, Ltd.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A